IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DERRICK MIKE, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MARTIN LUTHER KING MEMORIAL | ) | |
| CHAPEL, LLC, and | ) | |
| TONY HUDSON, | ) | |
| | ) | |
| Defendants. | | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Derrick Mike ("Plaintiff"), and files this lawsuit against Defendants Martin Luther King Memorial Chapel, LLC ("Defendant MLJMC") and Tony Hudson ("Hudson") (collectively, "Defendants"), and shows the following:

## I.    NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendants' failure to pay federally mandated minimum and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.    JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant MLJMC is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District. The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court as to Defendant MCJMC.

5.

Defendant Tony Hudson is a Georgia resident and is subject to general jurisdiction in this Court.  In addition, a substantial part of the acts and omissions

that give rise to Plaintiff's claims occurred in this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court as to Defendant Hudson.

6.

Defendant MLJMC may be served with process by delivering a copy of the summons and complaint to its registered agent, Tony Hudson, at 210 Hidden Creek Drive, Lizella, Georgia 31052.

7.

Defendant Hudson may be served with process by delivering a copy of the summons and complaint to 210 Hidden Creek Drive, Lizella, Georgia 31052.

## III.   **PARTIES AND FACTUAL ALLEGATIONS**

8.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

Defendant Hudson is the owner of Defendant MLJMC.

10.

Plaintiff has been employed by Defendants since April 1, 2018.

11.

Plaintiff has been an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 <u>et seq</u>., 29 U.S.C. § 203(e).

12.

Throughout Plaintiff's employment with Defendants, Plaintiff's primary job duty has been manual labor, e.g. cleaning duties, and providing customer service for Defendants' funeral service business.

13.

Throughout the last three years, the relevant statutory period for Plaintiff's claims, Plaintiff was paid a flat sum each month, without regard to the number of hours worked and without overtime compensation, calculated at one and a half times his regular rate, for the hours he worked in excess of 40 in work weeks. In many weeks, Defendants also failed to pay Plaintiff minimum waged for the hours he worked.

14.

Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

15.

Defendants are "employers" as that term has been defined by the FLSA. Throughout Plaintiff's employment, Defendants have misclassified Plaintiff as an independent contractor.

16.

Defendant MLJMC is a private employer engaged in interstate commerce, and its gross revenues from commercial activities exceeded $500,000.

17.

Defendant Hudson exercised control over Plaintiff's conditions of employment, including exercising power over hiring and firing, supervision, work schedules, and compensation.

18.

During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

19.

Defendants knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation..

20.

During much of the last three years, Plaintiff was paid $1,000 per month, while he was working, on average, 50 hours per week, excluding his on-call work which added substantial additional hours. Recently, Defendants began paying Plaintiff $1,300 per month with Plaintiff continuing to work the same long hours.

**Count I**
**Violation of the Overtime Wage Requirement of**
**the Fair Labor Standards Act**

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

23.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

24.

Defendants suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

25.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

26.

Defendants knew or showed reckless disregard for the fact that Defendants failed to pay Plaintiff overtime compensation in violation of the FLSA.

27.

Defendants' violations of the FLSA were willful and in bad faith.

28.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the

unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II
## Violation of the Minimum Wage Requirement of
## the Fair Labor Standards Act

29.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

30

Throughout the last years, Defendants have routinely violated the FLSA by failing to pay required minimum wages for hours Plaintiff worked.

31.

The FLSA requires employers to pay employees the federal minimum wage for all regular work hours.

32.

Defendants suffered and permitted Plaintiff to routinely work hours for which Defendants have not paid Plaintiff minimum wage.

33.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

34.

Defendants knew or showed reckless disregard for the fact that Defendants failed to pay Plaintiff minimum wage compensation in violation of the FLSA.

35.

Defendants' violations of the FLSA were willful and in bad faith.

36.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid minimum wage differential, liquidated damages in an equal amount to unpaid minimum wages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment against Defendant and awarding Plaintiff unpaid wages
       pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216, liquidated
       damages as provided by 29 U.S.C. § 216, pre-judgment interest on
       unpaid wages, court costs, expert witness fees, and reasonable
       attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies
       allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been
       violated and that Defendant willfully violated the FLSA;

(D)    Grant Plaintiff leave to add additional state law claims if necessary; and

(E)    Award Plaintiff such further and additional relief as may be just and
       appropriate.

This 3rd day of March, 2022.

**BARRETT & FARAHANY**

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com